| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| METRO NATION OF KC LLC and | ) |
| RYAN JONES, | ) |
| | ) |
| Defendants. | ) |

**PETITION FOR DECLARATORY JUDGMENT**

Plaintiff, Allstate Insurance Company ("Allstate"), by and through its attorneys, SmithAmundsen LLC, and pursuant to 28 U.S.C. § 2201 and 2202, brings this Petition for Declaratory Judgment and states as follows:

**PARTIES**

1. Plaintiff Allstate is a corporation existing under and by virtue of the laws of the State of Illinois with its principal place of business in Northbrook, Illinois and at all times relevant was duly authorized and licensed to write policies of insurance.

2. On information and belief, defendant Metro Nation of KS LLC ("Metro Nation"), at all times relevant, was a Kansas limited liability company with its principal place of business in Atlanta, Georgia. On information and belief, Metro Nation is comprised of one member, Bounhieng Bounkeo, who resided and was domiciled in Lilburn, Georgia.

3. Defendant Ryan Jones ("Jones"), at all times relevant, resided and was domiciled in Jackson County, Missouri.

**JURISDICTION**

4. The jurisdiction of this Court is premised upon 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## VENUE

5. Venue is premised upon 28 U.S.C. § 1391 in that the underlying incident for which coverage is being sought occurred in this district.

## 2017 Jones Lawsuit

6. On April 18, 2017, Jones filed a lawsuit styled *Ryan Jones v. T-Mobile d/b/a MetroPCS, Pick N Save LLC, and Mohammed G. Abdi* in Jackson County, Missouri, Case No. 1716-CV08618 ("2017 Jones Lawsuit") in connection with a June 30, 2015 incident at 5846 Prospect Avenue, Kansas City, Missouri when Jones was shot leaving a Pick N Save LLC market without paying for an item ("2015 Incident").

7. On June 29, 2017, Jones filed a First Amended Petition in the 2017 Jones Lawsuit against T-Mobile US, Inc. d/b/a MetroPCS, Save A Lot LLC d/b/a Pic N Save Market, Phones and Deals Prospect LLC d/b/a Pic N Save Market, and Mohammed G. Abdi. The First Amended Petition in the 2017 Jones Lawsuit is attached as Exhibit A.

8. Metro Nation was not a direct defendant in the 2017 Jones Lawsuit.

9. Metro Nation's only involvement in the 2017 Jones Lawsuit was as a Third Party Defendant on a Third Party Petition for contractual indemnity filed by T-Mobile d/b/a MetroPCS's on June 27, 2018. The Third Party Petition is attached as Exhibit B.

10. Metro Nation was served with Third Party Petition in the 2017 Jones Lawsuit on September 28, 2018 and filed an Answer to the Third Party Petition on October 15, 2018.

11. On November 30, 2018, Allstate was first notified of the Incident, the 2017 Jones Lawsuit, and the Third Party Petition.

12. Allstate began its coverage investigation and agreed to defend Metro Nation for the Third Party Petition in the 2017 Jones Lawsuit under a reservation of rights.

13. Allstate also agreed to defend T-Mobile d/b/a MetroPCS for the 2017 Jones Lawsuit under a reservation of rights and requested that it dismiss the Third Party Petition against Metro Nation for contractual indemnity.

14. T-Mobile d/b/a MetroPCS agreed to dismiss the Third Party Petition against Metro Nation and a stipulation to voluntary dismiss was filed on November 25, 2019, fully dismissing Metro Nation from the 2017 Jones Lawsuit without necessitating any defense. The Stipulation to Dismiss filed November 25, 2019 is attached as Exhibit C.

15. Jones voluntarily dismissed the 2017 Jones Lawsuit on January 10, 2020.

## 2020 Underlying Lawsuit

16. On May 13, 2020, Jones filed a new lawsuit styled *Ryan Jones v. T-Mobile US, Inc. d/b/a Metro PCS, T-Mobile Central LLC d/b/a Metro PCS, MetroPCS Michigan, LLC d/b/a Metro PCS, Metro Nation of KS LLC, Save A Lot LLC d/b/a Pic N Save Market, Phones and Deals Prospect, LLC d/b/a Pic N Save Market, and Mohammed G. Abdi* in Jackson County, Missouri, Case No. 2016-CV11858, in connection with the 2015 Incident ("2020 Underlying Lawsuit"). The Petition filed in the 2020 Underlying Lawsuit is attached as Exhibit D.

17. The 2020 Underlying Lawsuit named Metro Nation as a direct defendant. Exhibit D.

18. The 2020 Underlying Lawsuit alleges that Jones was in a Pic N Save Market ("Pic N Save") at 5846 Prospect Avenue, Kansas City, Missouri on June 30, 2015 at the time Mohamed G. Abdi ("Abdi") was the on-duty manager of the Pic N Save.

19. The 2020 Underlying Lawsuit alleges that defendants Save A Lot, LLC and/or Phone and Deals Prospect, LLC operated the Pic N Save and that defendants MetroPCS Michigan LLC and/or Metro Nation operated, in partnership or joint venture with defendants

3

Save A Lot LLC and/or Phone and Deals Prospect, LLC, as a MetroPCS sales facility at that location, offering low price cell phones and service plans to the public.

20. The 2020 Underlying Lawsuit alleges that Abdi was a joint employee of and compensated by defendants Save A Lot, LLC and/or Phones and Deals Prospect, LLC and MetroPCS Michigan LLC and/or Metro Nation.

21. The 2020 Underlying Lawsuit alleges that at some point on June 30, 2015, Abdi saw Jones put a package of cookies in his pocket and begin to leave without paying for them.

22. It is alleged that Abdi then shot at Jones, striking him in the leg.

23. Jones alleges claims for (1) battery; (2) negligence per se; (3) negligent supervision and/or training; and (4) punitive damages against all defendants in the 2020 Underlying Lawsuit.

24. According to court records, Metro Nation was personally served with the 2020 Underlying Lawsuit on May 18, 2020. The Return of Service filed June 16, 2020 is attached as Exhibit E.

25. On June 22, 2020, Jones filed a motion to default Metro Nation in the 2020 Underlying Lawsuit. The motion to default is attached as Exhibit F.

26. On August 31, 2020, a default judgment was entered against Metro Nation in the amount of $6,631,641.00 in the 2020 Underlying Lawsuit. The default judgment is attached as Exhibit G.

27. Metro Nation never notified Allstate of the 2020 Underlying Lawsuit, that it was served with the 2020 Underlying Lawsuit, that a default motion was brought against it, or that a default judgment was entered against it in the 2020 Underlying Lawsuit.

28. Allstate first received notice that Metro Nation was a party to the 2020 Underlying Lawsuit and that a default judgment was entered against it no earlier than mid-

December 2020, seven months after the 2020 Underlying Lawsuit was filed and served and almost four months after the default judgment against Metro Nation was entered.

29. By letter dated January 29, 2021, Allstate agreed to defend Metro Nation in the 2020 Underlying Lawsuit under a reservation of all rights, including the right to seek a judicial declaration as to its rights and obligations. The January 29, 2021 reservation of rights letter is attached as Exhibit H.

## ALLSTATE POLICY

30. Allstate issued Businessowners Policy No. 648182223 to "Metro Nation of KS LLC" which, in pertinent part, was in effect July 17, 2014 to July 17, 2015 ("Allstate Policy"). The Allstate Policy is attached as Exhibit I.

31. The Businessowners Coverage Form of the Policy includes Liability Coverage (Section II) with limits of liability in the amount of $1,000,000 per occurrence.

32. The Insuring Agreement for the Liability Coverage provides, in pertinent part, as follows:

**SECTION II – LIABILITY**

**SECTION II**

**A. Coverages**

    **1. Business Liability**

        **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury"… to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages…

        ****

        **b.** This insurance applies:

            **(1)** To "bodily injury"… only if:

5

    **(a)**  The "bodily injury"… is caused by an "occurrence" that takes place in the "coverage territory";

    **(b)**  The "bodily injury"… occurs during the policy period; and…

      \*\*\*\*

**C.**  **Who Is An Insured**

  **1.**  If you are designated in the Declarations as:

      \*\*\*\*

    **c.**  A limited liability company, you are an insured…

      \*\*\*\*

  No person or organization is an insured with respect to the conduct of any current or part partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

  33.  The Allstate Policy contains certain conditions and definitions applicable to the Liability Coverage as follows:

**E.**  **Liability And Medical Expenses General Conditions**

      \*\*\*\*

  **2.**  **Duties In The Event Of Occurrence, Offense, Claim Or Suit**

    **a.**  You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

      **(1)**  How, when and where the "occurrence" or offense took place;

      **(2)**  The names and addresses of any injury persons and witnesses; and

      **(3)**  The nature and location of any injury or damage arising out of the "occurrence" or offense.

    **b.**  If a claim is made or "suit" is brought against any insured, you must:

          **(1)**    Immediately record the specifics of the claim or "suit" and the date received; and

          **(2)**    Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

    **c.**    You and any other involved insured must:

          **(1)**    Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

          **(2)**    Authorize us to obtain records and other information;

          **(3)**    Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

          **(4)**    Assist us, upon our request, in the enforcement of any right against any person or organization that may be liable to the insured because of injury or damage to which this insurance may also apply.

**F.**    **Liability and Medical Expenses Definitions**

    **13.**    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

    **18.**    "Suit" means a civil proceeding in which damages because of "bodily injury"… to which this insurance applies are alleged…

\* \* \* \*

34.    The Allstate Policy defines "you" and "your" as referring to the Named Insured shown in the Declarations or "Metro Nation of KS LLC". Metro Nation is designated in the Declarations as a limited liability company.

35.    The Allstate Policy includes Amendatory Endorsement AB CW 02 11 09 that contains a Kansas choice of law provision.

# DECLARATORY JUDGMENT

## Count I – Not Insured

36. Allstate incorporates and restates paragraphs 1 through 35 above as and for paragraph 36 as if fully set forth herein.

37. Under the Who Is An Insured provision of the Allstate Policy, no organization is an insured with respect to the conduct of any current or past partnership or joint venture that is not shown as a Named Insured in the Declarations.

38. The 2020 Underlying Lawsuit alleges that Defendants MetroPCS Michigan LLC and/or Metro Nation operated, in partnership or joint venture with Defendants Save A Lot LLC and/or Phone and Deals Prospect, LLC, as a MetroPCS sales facility at the location of the Incident.

39. No partnership or joint venture is shown as a Named Insured in the Declarations to the Allstate Policy.

WHEREFORE, Allstate asks this Court to find and declare as follows:

A. That because the 2020 Underlying Lawsuit alleges liability against Metro Nation of KS LLC for its operation in a partnership or joint venture that is not shown as a Named Insured in the Declarations, it is not an "insured" for the claims alleged against it in the 2020 Underlying Lawsuit;

B. That because Metro Nation of KS LLC is not an insured for the claims alleged against it in the 2020 Underlying Lawsuit, Allstate has no obligation to defend Metro Nation of KS LLC in the 2020 Underlying Lawsuit;

C. That Allstate can cease and withdraw from defending Metro Nation of KC LLC in the 2020 Underlying Lawsuit;

D. Because Allstate has no duty to defend Metro Nation of KS LLC for the 2020 Underlying Lawsuit, it has no obligation to indemnify it in connection with the 2020 Underlying Lawsuit, including no duty to indemnify the default judgment entered against it, or any other judgment or settlement made in the 2020 Underlying Lawsuit; and

E. For any further relief this Court deems proper.

## Count II – Notice

40. Allstate incorporates and restates paragraphs 1 through 39 above as and for paragraph 40 as if fully set forth herein.

41. The Liability Coverage under the Allstate Policy is subject to certain notice conditions.

42. The "Liability And Medical Expenses General Conditions" section of the Allstate Policy requires that Metro Nation notify Allstate "as soon as practicable" of an "occurrence" which may result in a claim.

43. The "Liability And Medical Expenses General Conditions" section of the Allstate Policy requires that, if a claim or "suit" is brought against any insured, Metro Nation must notify Allstate "as soon as practicable."

44. The "Liability And Medical Expenses General Conditions" section of the Allstate Policy requires that Metro Nation "immediately" send Allstate copies of any legal papers received in connection with a claim or "suit."

45. Allstate did not learn of the June 30, 2015 Incident until at least November 30, 2018, more than three years later.

46. At no time did Metro Nation notify Allstate of the 2020 Underlying Lawsuit or provide Allstate with any legal papers received in connection with the 2020 Underlying Lawsuit.

47. Allstate did not learn that Metro Nation was named in the 2020 Underlying Lawsuit until at least December 2020, seven months after the court records indicate that Metro Nation was served, and almost four months after a default judgment in the amount of $6,631,641.00 was entered against Metro Nation in the 2020 Underlying Lawsuit.

48. Allstate suffered substantial, actual prejudice as a result of Metro Nation's failure to comply with the notice provisions in the Allstate Policy.

WHEREFORE, Allstate asks this Court to find and declare as follows:

A. That Metro Nation of KS LLC breached its obligation to notify Allstate "as soon as practicable" of the Incident, which was an "occurrence" that may result in a claim;

B. That Metro Nation of KS LLC breached its obligation to notify Allstate "as soon as practicable" of the 2020 Underlying Lawsuit;

C. That Metro Nation of KS LLC breached its obligation to "immediately" provide Allstate with any legal papers received in connection with the 2020 Underlying Lawsuit;

D. That as a result of Metro Nation of KS LLC's breach of the notice provisions in the Allstate Policy and resulting prejudice to Allstate, Allstate has no obligation to defend Metro Nation of KS LLC in the 2020 Underlying Lawsuit;

E. That Allstate can cease and withdraw from defending Metro Nation of KC LLC in the 2020 Underlying Lawsuit;

F. That because Allstate has no duty to defend Metro Nation of KS LLC for the 2020 Underlying Lawsuit, it has no obligation to indemnify it in connection with the 2020 Underlying Lawsuit, including no duty to indemnify the default

judgment entered against it, or any other judgment or settlement made in the 2020 Underlying Lawsuit; and

G.  For any further relief this Court deems proper.

## Count III – Limits & Punitive Damages

49.  Allstate incorporates and restates paragraphs 1 through 48 above as and for paragraph 49 as if fully set forth herein.

50.  The Liability Coverage in the Allstate Policy is subject to stated limits of liability of $1,000,000 per occurrence.

51.  The 2020 Underlying Lawsuit seeks punitive damages against Metro Nation.

52.  Coverage for punitive damages is against the public policy of Kansas.

53.  Coverage for punitive damages does not fall within the Insuring Agreement of the Allstate Policy as it is not damages because of "bodily injury" or "property damage."

WHEREFORE, Allstate asks this Court to find and declare as follows:

A.  That Allstate's indemnity obligations in connection with the 2020 Underlying Lawsuit, if any, are limited to the stated $1,000,000 per occurrence liability limits in the Allstate Policy;

B.  That there is no coverage for punitive damages under the Allstate Policy; and

C.  For any further relief this Court deems proper.

Respectfully submitted,

Allstate Insurance Company

By its attorneys:

/s/Heather A. Bub_____
Heather A. Bub, #57993 MO
SmithAmundsen LLC
120 S. Central Ave., Suite 700
St. Louis, Missouri 63105-1794

Phone: (314) 719-3706
Fax: (314) 719-3707
hbub@salawus.com

-and-

*(Pro Hac Vice Application pending)*
Christine V. Anto, #6276102 IL
SmithAmundsen LLC
150 North Michigan Avenue, Suite 3300
Chicago, IL 60601
Phone: (312) 894-3200
Fax: (312) 894-3210
canto@salawus.com

12